A. MILTENBERGER & Co. *v.* E. T. PARKER, Sheriff, et al.

Where a party comes into possession of property by *dation en paiement*, places his own clerk and other employees upon it, although he retains his transferror as a manufacturer, the contract will be valid, and it cannot be seized for the debts of the latter.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*H. M. Spofford* for plaintiffs. *Bentick Egan* for J. B. Sawyer, defendant.

HYMAN, C. J. J. B. Sawyer, one of the defendants, a judgment creditor of Marcelin, Eude & Co., caused, on the 30th day of June, 1860, to be seized under an execution, 250 barrels of bi-sulphate of lime, which plaintiffs claimed as their property.

Plaintiffs enjoined the sale thereof. Defendant denied that plaintiffs were owners, and alleged ownership in his debtors, Marcelin, Eude & Co. The judge perpetuated the injunction, and decreed plaintiffs owners of the lime.

This defendant appealed.

Plaintiffs claim to have acquired title from Marcelin, Eude & Co.; and, to enable them to recover, there should be proof that, at a time before seizure, Marcelin, Eude & Co. had, by contract translation of property, invested plaintiffs with ownership, and that they were in possession ; or, if not, and their transferrors still remained in possession by a precarious title, there should be evidence that the contracting parties had acted in good faith, and that there was a real contract ; for, if otherwise, the defendant had the right to seize and sell the property. Civil Code, 1916, 1917, 2456, 2629; 4 Rob. R. 437. 7 Mar. Rep. N S. p. 675.

Marcelin, Eude & Co. were manufacturers of bi-sulphate of lime, in New Orleans, to whom plaintiffs had made large advances, and on the 2d of April, 1860, as shown by journal of plaintiffs, introduced in evidence at the instance of defendant, they gave to plaintiffs, and put them in possession of same, to pay their indebtedness to them, 450 barrels bi-sulphate lime, 1,127 empty barrels, 113 barrels of lime, 86 barrels of sulphate, 18½ hogsheads brimstone, bi-sulphate of lime, apparatus, steam machinery, tools, paints, dray, etc.

Plaintiffs continued to carry on the manufacture of bi-sulphate of lime in the factory, when Marcelin, Eude & Co. had manufactured and expended money for the purpose. They had their own clerk to make sales, who accounted to them. They also employed the cooper who was working in the factory, for them, when the seizure was made.

There is further proof that the transfer was of all the property in the bi-sulphate manufactory, and at the time of transfer a valuation was made of the property, which was about $8,750.

Eude left the country, and plaintiffs employed Marcelin to work in the factory and superintend the same.

It is further proved that the barrels seized were marked in the name of <span style="float:right">MILTENBERGER<br>v.<br>PARKER.</span> Marcelin, Eude & Co., that other barrels in the factory were so marked, and that some barrels brought there after the seizure were so marked.

We consider that plaintiffs have brought themselves fully within the requirements of the law.

They have proved that they became owners by a contract of *dation en paiement*, and, from its date, had possession of the property until seized. The barrels of lime seized being in the factory when seized, with the name of Marcelin, Eude & Co. on them, is sufficient proof of identity.

The proof that Marcelin worked in the factory and superintended it for plaintiff, does not destroy the evidence that they were in possession; and, if it did so, and established in him possession by precarious title, evidence fully proves a real contract made in good faith.

Fraud has not been alleged, nor is there proof that defendant was a creditor, when the contract was made.

Judgment affirmed, with costs.